UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tammy Lee Ann Johansen,                                          Civil No. 10-2076 (DWF/SER)

          Plaintiff,

v.                                                                                    **MEMORANDUM
                                                                                         OPINION AND ORDER**

Michael J. Astrue, Commissioner
of Social Security,

          Defendant.

___

Fay E. Fishman, Esq., Peterson & Fishman, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

___

**INTRODUCTION**

This matter is before the Court upon Plaintiff Tammy Lee Ann Johansen's objections (Doc. No. 26) to Magistrate Judge Steven E. Rau's August 15, 2011 Report and Recommendation (Doc. No. 25) insofar as it recommends that: (1) Plaintiff's Motion for Summary Judgment be denied; and (2) Defendant's Motion for Summary Judgment be granted. Defendant Commissioner of Social Security Michael J. Astrue filed a response to Plaintiff's objections on August 31, 2011. (Doc. No. 27.) The court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The Court reaches the same decision that was reached by the Administrative Law Judge

("ALJ") and Magistrate Judge Raua, as substantial evidence on the record as a whole supports denying Plaintiff benefits. Consequently, for the reasons set forth below, the Court adopts Magistrate Judge Rau's Report and Recommendation and overrules Plaintiff's objections.

## BACKGROUND

Plaintiff applied for social security disability insurance ("SSDI") on April 1, 2008, with a protective filing date of March 7, 2008. (Doc. No. 9 ("Admin. R.") at 129-35.) She alleged a disability onset date of January 25, 2008, which was later amended to November 1, 2008, based on her completion of chemical dependency counseling and her sobriety date.[1] (*Id.* at 28, 129-132.) Plaintiff alleged disability due to anxiety, depression, dysthymia, history of substance abuse, gambling addiction, and attention deficit disorder ("ADD"). (*Id.* at 29-30, 150-51.) The application was denied initially and upon reconsideration. (*Id.* at 66-69, 71-72.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held before ALJ Roger W. Thomas on

---

[1] Under 1996 amendments to the Social Security Act, if a claimant's substance abuse is a "contributing factor material to the Commissioner's determination" of disability, the claimant is not entitled to benefits. 42 U.S.C. § 423(d)(2)(C); *Vester v. Barnhart*, 416 F.3d 886, 888 (8th Cir. 2005).

The Court notes the conspicuous lack of evidence to support Plaintiff's claim that she sought treatment for substance abuse. Absent from the administrative record is a description of any twelve-step program, discharge papers from a substance abuse treatment center, or similar indication of completion of a course of treatment. The only confirmation that Plaintiff ceased using drugs in the fall of 2008 is a statement in Dr. Barron's assessment that Plaintiff had been seeing Dr. Hanson for chemical dependency treatment in September and October 2008 and "[s]he has been straight since this time." (Admin. R. 389.) The Court assumes the validity of the Plaintiff's sobriety date as asserted by the Plaintiff in conducting its *de novo* review.

September 25, 2009. (*Id.* at 76-77, 114-16.) On October 16, 2009, ALJ Thomas issued a decision concluding that Plaintiff was not disabled under the Social Security Act, and, therefore, not eligible for disability insurance benefits. (*Id.* at 12-22.) The Appeals Council denied Plaintiff's request for further review on April 29, 2010. (*Id.* at 1-6, 23.) The denial of review rendered the ALJ's decision the final decision of the Commissioner. 42 U.S.C. § 405(g); *Wilburn v. Astrue*, 626 F.3d 999, 1002 (8th Cir. 2010); *Clay v. Barnhart*, 417 F.3d 922, 928 (8th Cir. 2005).

Plaintiff sought review in this Court of the Commissioner's decision to deny her application for SSDI. Cross motions for summary judgment (Doc. Nos. 11 and 18) were referred to Magistrate Judge Steven E. Rau for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. On August 15, 2011, Magistrate Judge Rau recommended that Plaintiff's motion for summary judgment be denied and Defendant's motion be granted. The Court adopts the Magistrate Judge's Report and Recommendation because substantial evidence on the record as a whole supports denying Plaintiff's benefits. The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation issued by Magistrate Judge Rau, and is incorporated by reference here.

## DISCUSSION

**I.      Standard of Review**

In determining whether to adopt Magistrate Judge Rau's Report and Recommendation, the Court makes a *de novo* determination upon the record, or after additional evidence, of any portion of the Magistrate Judge's disposition to which

specific written objection has been made in accordance with Local Rule 72.2(b). D. Minn. LR 72.2(b); *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

Review by this Court of the Commissioner's decision to deny disability benefits to a claimant is limited to a determination of whether the decision of the Commissioner is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). "There is a notable difference between 'substantial evidence' and 'substantial evidence on the record as a whole.'" *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotations omitted); *see also Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) ("Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Gavin*, 811 F.2d at 1199. "The substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Id.* In reviewing the administrative decision, "'[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Id.* (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

In reviewing the record for substantial evidence, the Court may not substitute its own opinion for that of the ALJ and will defer to the ALJ's well-reasoned determinations of credibility if they are supported in the record by substantial evidence. *Woolf v.*

4

*Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pelkey*, 433 F.3d at 578. The Court may not reverse the Commissioner's decision merely because evidence may exist to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994); *see also Woolf*, 3 F.3d at 1213 (concluding that the ALJ's determination must be affirmed, even if substantial evidence would support the opposite finding). The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

The claimant bears the burden of proving his or her entitlement to disability insurance benefits and supplemental security income under the Social Security Act. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Once the claimant has demonstrated that he or she cannot perform past work due to a disability, "the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

**II.     Standard for Determining SSDI Eligibility**

In determining that a claimant is not entitled to benefits under the Social Security Act, the ALJ must follow the five-step procedure outlined in the Code of Federal Regulations. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). As summarized by the Eighth Circuit, these steps are: (1) whether the claimant is currently engaged in

"substantial gainful activity"; (2) "whether the claimant suffers from a severe impairment that "significantly limits the claimant's physical or mental ability to perform basic work activities"; (3) whether the claimant's impairment "meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education and work experience)"; (4) "whether the claimant has the residual functional capacity ["RFC"] to perform his or her past relevant work"; and (5) if the ALJ finds that the claimant is unable to perform the past relevant work, the burden is on the Commissioner "to prove that there are other jobs in the national economy that the claimant can perform." *Fines v. Apfel*, 149 F.3d 893, 894-95 (8th Cir. 1998).

## III.  Plaintiff's Objections

Plaintiff argues that Magistrate Judge Rau erred in recommending that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted. In particular, Plaintiff objects to Magistrate Judge Rau's determination that the ALJ properly discredited the opinion of Dr. Uecker, Plaintiff's treating physician, and that he instead gave significant weight to the opinions of state agency doctors. In addition, Plaintiff urges that the ALJ's failure to discuss examination and test results performed by psychologist Dr. Barron was prejudicial. Plaintiff also argues that the Magistrate Judge incorrectly concluded that the ALJ's credibility analysis was supported by substantial evidence. Finally, Plaintiff objects to the finding that the ALJ's hypothetical question to the vocational witness was adequate. For the reasons explained below, however, Plaintiff has failed to demonstrate that the Commissioner's decision was unsupported by substantial evidence.

A. **Weight Given to Medical Opinions**

Plaintiff urges that the Magistrate Judge and ALJ erred in giving substantial weight to the opinions of non-treating state agency doctors. She argues that greater weight should have been given to her treating physician, Dr. Uecker, and to psychological tests done by psychologist Dr. Barron.

Based on his assessment of Plaintiff, Dr. Uecker concluded that Plaintiff would be absent from employment more than three times per month if employed. (Admin. R. at 368-69.) According to vocational expert Robert A. Brezinski, this conclusion, if accepted, would prohibit Plaintiff from being competitively employed in the national economy. (*Id.* at 54-62.) The ALJ did not give Dr. Uecker's opinion controlling weight, however, finding that it was not supported by substantial evidence in the record in its entirety. (*Id.* at 20.) Plaintiff objects to this decision.

The ALJ, by agency regulation, must provide good reasons for the weight given to a treating medical professional's opinion. 20 C.F.R. § 404.1527(d)(2). The ALJ will consider all of the following factors in determining the relative weight of medical opinions: (1) the examining relationship (an examining source is given more weight than one who has not examined the individual); (2) the length, nature, and extent of the treatment relationship (more weight is given to a treating source, and controlling weight may be given if the evidence is not inconsistent with other substantial evidence in the case record); (3) supportability (whether relevant evidence exists to support an opinion); (4) consistency (the more consistent an opinion is with the record on the whole, the more weight given); and (5) specialization of the medical professional. 20 C.F.R. § 404.1527.

7

The ALJ may give controlling weight to the opinion of a treating medical professional such as Dr. Uecker, but as stated above, the ALJ is not required to do so if the opinion is not consistent with the record as a whole. 20 C.F.R. § 404.1527(c)(2).

In this case, Plaintiff saw Dr. Uecker monthly for approximately one year. (Admin. R. at 324-34, 355-65, 373-84.) Although the regularity of these visits indicates a treatment relationship, Dr. Uecker's opinion was not consistent with the weight of all the evidence. *See* C.F.R. § 404.1527(c)(2). For example, Dr. Uecker's conclusion that Plaintiff's impairments would require her to miss more than three days of work per month is inconsistent with Plaintiff's reported daily activities; namely that she regularly takes care of herself, bathes and dresses herself, prepares her own food, does laundry, cleans the dishes, goes grocery shopping, and bakes. (Admin. R. at 34, 45-46.) In addition, Dr. Uecker performed no objective psychological tests regarding Plaintiff's impairments, and his opinions are founded largely on checklist forms completed during their appointments. (*Id.* at 324-34, 355-65, 373-84.) It is also significant that Dr. Uecker seemed to note that Plaintiff's condition was improving. Although he determined that she required employment-related restrictions (for example, only brief or superficial contact with the public, and no complex job instructions), he concluded that Plaintiff "had a fair ability to follow work rules, relate to co-workers, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, follow simple job instructions, follow detailed but not complex job instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability." (*Id.* at 367-69.)

8

Considering that an ALJ has discretion to weigh all evidence when considering medical testimony, the ALJ did not err in giving Dr. Uecker's opinion less than controlling weight.

With respect to Plaintiff's contention that the ALJ did not analyze and address psychologist Dr. Barron's test findings, it is evident that the ALJ did in fact consider Dr. Barron's conclusions, as the ALJ noted adult ADD/ADHD (diagnosed by Dr. Barron) as a severe impairment. (*Id.* at 17.) Beyond this, an ALJ "is not required to discuss every piece of the evidence . . . [and] [a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

### B.   Credibility Analysis

Plaintiff argues that the ALJ erred in discounting her credibility when evaluating the severity of her impairments. This Court disagrees and concludes that substantial evidence supports the ALJ's analysis of Plaintiff's credibility. Following the five-step sequential evaluation required by 20 C.F.R. § 404.1520(a)-(f), and considering the factors enunciated in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ concluded that, despite "moderate difficulties with regard to concentration, persistence, or pace," "psychological evaluations have consistently found [Plaintiff] to be fully oriented, with a logical goal directed thought process, and intact concentration, focus, and memory." (Admin. R. at 18.) After giving significant weight to the opinions of state agency medical consultants, the ALJ concluded that Plaintiff had the ability to perform a job with the following limitations: "routine repetitive 3 to 4 step tasks/instructions; brief

and superficial contact with others; routine stressors; and no alcohol or drugs." (*Id.* at 18-19.) The ALJ further stated that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with [Plaintiff's RFC]." (*Id.* at 19.) The ALJ also concluded that Plaintiff did not demonstrate a strong desire to return to work, and that she only sought treatment for her condition as part of her application for disability benefits. (*Id.* at 20.) Plaintiff argues that this credibility assessment was inappropriate.

Although, as Plaintiff argues, the "treatment for mental health symptoms [] is by nature based on self report . . . [and] no test can show the extent of depression," an ALJ may give less weight to a physician whose opinions are based on subjective complaints rather than objective medical evidence. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007).

Further, the ALJ indicates, and this Court agrees, that Plaintiff's subjective complaints did not align with her daily activities, which included caring for herself, cooking, doing chores, shopping, speaking with her mother, and handling finances and medications. (Admin. R. at 34, 45-46.) These daily activities support the conclusion that, while Plaintiff would not be able to return to her former type of employment, she is capable of finding work subject to the recommended limitations.

With regard to Plaintiff seeking medical treatment for her impairments in connection with her application for disability benefits, the record indicates that Plaintiff sought treatment for depression one month before her protective filing date, and at her initial mental health appointment to be treated for depression, she requested to have

10

FMLA paperwork filled out. Only one month later, she requested social security paperwork. (*Id.* at 265.) This temporal proximity may be considered as a contributing factor in determining Plaintiff's motivation, and may be a credibility factor so long as it is not a dispositive one. *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996). Here, Plaintiff's timing in seeking treatment, combined with her only moderately limited daily activities, supports the ALJ's credibility assessment.

### C.   Sufficiency of Hypothetical Question

Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence because the hypothetical question posed to the vocational expert ("VE") did not describe all limitations recommended by Dr. Uecker. This Court disagrees, and finds that the hypothetical was sufficient.

Robert A. Brezinski testified at the hearing as the VE. The ALJ posed the following question to Mr. Brezinski: whether a hypothetical individual with Plaintiff's health characteristics who: (a) could perform routine three-to-four step tasks and instructions; (b) could have brief, superficial contact with co-workers and members of the public; (c) could tolerate no more than routine stressors; and (d) did not work around alcohol and drugs could perform vocational work. (Admin. R. at 56.) The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work as a court receptionist, but could perform other work; for example, as a hand packager, laundry worker, or assembly worker. (*Id.* at 56-58.) The ALJ then asked the VE to consider the additional restriction that the individual would miss work more than three times per month. (*Id.* at 58.) To this, the VE replied that the individual could not

perform competitive work. (*Id.*) Relying on this vocational expert testimony, and declining to adopt the opinion that Plaintiff would miss significant amounts of work, the ALJ concluded that Plaintiff was not disabled because she was able to perform a significant number of jobs other than her former position in the national economy, subject to some employment-related restrictions.[2] (*Id.* at 18, 19.)

Plaintiff argues that the hypothetical question posed to the VE did not describe all of the limitations recommended by Dr. Uecker, and that, therefore, the ALJ's RFC determination was not supported by substantial evidence. A hypothetical question such as this is sufficient if "it sets forth the impairments that are accepted as true by the ALJ." *Roberts v. Apfel*, 222 F.3d 466, 471 (8th Cir. 2000). In this case, the ALJ did not accept all functional limitations suggested by Dr. Uecker. However, as discussed above, the ALJ's finding that Plaintiff could perform other work that exists in the national economy was indeed supported by substantial evidence in the record. Therefore, the Court finds that the hypothetical question posed was not improper.

## CONCLUSION

While recognizing the difficulties caused by Plaintiff's condition, the Court agrees with the ALJ's finding that Plaintiff is physically and mentally able to perform work other than her past occupation on a consistent basis and thus does not qualify for SSDI. The Court finds that substantial evidence supports the ALJ's denial of disability benefits,

---

[2] As described above, the restrictions include: (a) only routine three-to-four step tasks and instructions; (b) only brief, superficial contact with co-workers and members of the public; (c) no more than routine stressors; and (d) an environment without alcohol and drugs. (Admin. R. at 18, 19.)

and therefore, the ALJ's determination must be affirmed. Therefore, the Court overrules Plaintiff's objections and adopts Magistrate Judge Rau's August 15, 2011 Report and Recommendation in all respects.

## ORDER

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Tammy Lee Ann Johansen's objections (Doc. No. [26]) to Magistrate Judge Steven E. Rau's August 15, 2011 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Steven E. Rau's August 15, 2011 Report and Recommendation (Doc. No. [25]) is **ADOPTED**.

3. Plaintiff's Motion for Summary Judgment (Doc. No. [11]) is **DENIED.**

4. Defendant's Motion for Summary Judgment (Doc. No. [18]) is **GRANTED**.

5. The decision of the Commissioner of Social Security is **AFFIRMED**.

6. The Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 30, 2011      s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge